UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>WEST COUNTY DETENTION FACILITY MEDICAL,<br><br>        Defendant. | Case No. 25-cv-06262-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 6 |

Eric Murillo, a detainee at Martinez Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **January 12, 2026**. Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Allegations**

Plaintiff alleges as follows: In May and June 2025, he submitted several requests and grievances to switch the type of milk he was receiving because it was causing stomach pain and diarrhea. (Dkt. No. 1 at 2.) Plaintiff met with a nurse and discussed his need to switch to whole milk for medical reasons, and he submitted additional grievances and requests. (*Id*. at 1-4.) He was later informed that medical staff could not help, and he would not be switched to a different type of milk. (*Id*. at 4.) It appears that Plaintiff continued to drink the milk that was causing harm because he refused to deprive himself of milk. Medical staff advised him to drink water and add water to his cereal and avoid the milk he was provided. (*Id*.)

**C.    Analysis**

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with

>respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id*. (citations and internal quotation marks omitted). The mere lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78F.4th 1140, 1144-46 (9th Cir. 2023) (psychiatrist's failure to move pretrial detainee to different unit following attack from fellow patient did not violate 14th Amendment because psychiatrist acted reasonably by considering relevant factors, evaluating risk of future violence against detainee, effect of transfer on detainee's treatment, and implementing measures to reduce incidents of future incidents, and treatment exceeded accepted professional standards). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent –something akin to reckless disregard. *Gordon*, 888 F.3d at 1125.

Plaintiff's allegations fail to present a cognizable claim. He has not shown that denying whole milk was objectively unreasonable when he was provided other fluids. The complaint is dismissed with leave to amend to provide more specific information regarding how the denial of whole milk put him at substantial risk of suffering serious harm. He must also identify all the specific Defendants who were involved and describe how their actions were objectively unreasonable under the circumstances.

Plaintiff also requested the appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff argues that this case is complex, and he will have difficulty prosecuting the action due to his confinement. (Dkt. No. 6 at 1-2.) These circumstances are not sufficiently "exceptional" to warrant appointment of counsel at this time. The Court determines that this action does not present complex legal issues, and Plaintiff has ably prosecuted this case and several other actions in this Court. It is too early in this litigation for the Court to determine the likelihood of success on the merits. The motion is denied without prejudice.

## CONCLUSION

The motion to appoint counsel (Dkt. No. 6) is DENIED without prejudice. The complaint is DISMISSED with leave to file an amended complaint on or before **January 12, 2026**. The amended complaint must include the caption and civil case number used in this order (25-6262 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant

to Federal Rule of Civil Procedure 41(b).

      **IT IS SO ORDERED.**

Dated: November 28, 2025

                                              RITA F. LIN
                                              United States District Judge